UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES WILLIAM CARTER, :
: NO. 1:11-CV-0800
    Petitioner, :
:
:
  v. : **ORDER**
:
:
WARDEN, CHILLICOTHE :
CORRECTIONAL INSTITUTION, :
:
    Respondent.

    This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 6) and Petitioner's Objections thereto (doc. 10).

    In brief, on January 17, 2002, Petitioner pleaded no-contest to charges of rape, kidnapping, aggravated burglary and possession of criminal tools (doc. 6). He was sentenced to a total of twenty years in prison. In December 2003, Petitioner filed a federal petition for habeas corpus challenging his conviction and sentence, which was ultimately denied by the district court, with review denied by the Sixth Circuit and the United States Supreme Court (Id.). Petitioner applied for leave to file a successive habeas petition in December 2007, which request was denied (Id.). He then pursued a motion for resentencing and a motion to withdraw his no-contest plea with

the state courts. In November 2011, he filed the instant federal habeas petition.

The Magistrate Judge determined that the allegations set forth in Grounds Two, Three, Four and part of Five constitute successive claims and therefore should be transferred to the Sixth Circuit for a determination as to whether they may properly be heard by this Court. In addition, the Magistrate Judge concluded that the allegations set forth in Grounds One and part of Five were meritless and recommends that they be dismissed with prejudice. Petitioner objected, and the matter is ripe for this Court's analysis.

As an initial matter, Petitioner directs the "Court's attention to the fact that this Honorable Court has already ruled that the Petitioner was unconstitutionally arrested in violation of his Fourth Amendment rights under the Constitution," and cites to case number 1:04-cv-653, which he claims he "won" (doc. 10). Petitioner's characterization of that case is simply wrong. That civil case, in which he alleged, inter alia, that his civil rights were violated at the time of his arrest, was resolved when the district court adopted the Magistrate Judge's report and recommendation, thus granting the defendants' motions for judgment on the pleadings. The court's decision, which was based in part on the fact that

Petitioner filed his civil case outside the applicable statute of limitations, was upheld on appeal. No court decided that Petitioner's arrest was in violation of the Fourth Amendment, and it cannot in any way truthfully be said that he won that case.

With respect to Petitioner's other objections, the Court is unmoved. They are, in essence, reiterations of the arguments Petitioner set forth in his other filings. As required by 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive analysis of the Magistrate Judge and considered de novo all of the filings in this matter. Upon thorough consideration of the foregoing, the Court finds Plaintiff's objections unpersuasive and determines that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct. Consequently, the Court ADOPTS and AFFIRMS it in its entirety (doc. 6).

Accordingly, Respondent's motion to dismiss/transfer (doc. 4) is GRANTED to the extent that Petitioner's successive claims alleged in Grounds Two through Four of the petition and in the portion of Ground Five challenging the constitutionality of Petitioner's no-contest plea are TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for review and

determination whether this Court should be granted authorization to entertain any of those claims. Petitioner's non-successive claims alleged in Grounds One and Five of his petition are hereby DISMISSED WITH PREJUDICE.

The Court declines to issue a certificate of appealability with respect to the non-successive claims alleged in Grounds One and Five because those claims do not rise to the level of a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 475 (2000). The Court further CERTIFIES that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). This matter is thus administratively closed on the Court's docket.

SO ORDERED.

Dated: September 13, 2012   s/S. Arthur Spiegel_____
                            S. Arthur Spiegel
                            United States Senior District Judge